973 So.2d 796 (2007)
Nathaniel M. ROBINSON
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Brian Baldwin and State Farm Mutual Automobile Insurance Company.
No. 07-CA-379.
Court of Appeal of Louisiana, Fifth Circuit.
November 27, 2007.
Stephen M. Smith, Attorney at Law, Baton Rouge, LA, for Plaintiff/Appellant.
Joseph M. Messina, Attorney at Law, New Orleans, LA, for Defendant/Appellee.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
Plaintiff, Nathaniel Robinson, appeals from the trial court judgment granting the exception of prescription filed by Defendants, Brian Baldwin and State Farm Mutual Automobile Insurance Company as both the insured of Baldwin and the uninsured carrier of Robinson. For the reasons which follow, we reverse and remand.
According to the petition, Plaintiff was in an automobile accident with Defendant Baldwin in which Baldwin rear-ended Plaintiff. The accident occurred on December 3, 2004. Plaintiff's lawsuit against Defendants was filed on May 18, 2006. Defendants filed a peremptory exception of prescription to the lawsuit. Plaintiff opposed the exception, relying on La. R.S. 9:5822 and 5824, statutes enacted following hurricanes Katrina and Rita extending prescriptive periods. Following a hearing on August 30, 2006, the trial court rendered judgment on September 18, 2006, sustaining the exception of prescription. It is from this judgment that Plaintiff appeals.
La. R.S. 9:5822, extending all prescriptive periods provides:

*797 A. All prescriptions, including liberative, acquisitive, and the prescription of nonuse, and all peremptive periods shall be subject to a limited suspension and/or extension during the time period of August 26, 2005, through January 3, 2006; however, the suspension and/or extension of these periods shall be limited and shall apply only if these periods would have otherwise lapsed during the time period of August 26, 2005, through January 3, 2006. This limited suspension and/or extension shall terminate on January 3, 2006, and any right, claim, or action which would have expired during the time period of August 26, 2005, through January 3, 2006, shall lapse on January 4, 2006.
B. The provisions of Subsection A shall not apply to any matter concerning the prescription of nonuse applicable to mineral servitudes, mineral royalty interests, and executive rights and shall be governed by the Louisiana Mineral Code and are not subject to the suspension provisions in this Section.
La. R.S. 9:5824, further extending prescriptive periods in certain parishes and for certain reasons, provides:
A. The legislature finds that Hurricanes Katrina and Rita created a statewide emergency which affected the entire judicial system in this state and all legal communities, and prohibited the court system from functioning as required by law. The legislature acknowledges that the proper functioning of this state's judicial system is essential to the administration of justice for all citizens. The legislature also recognizes that the courts in Cameron, Orleans, Plaquemines, St. Bernard, Jefferson, and Vermilion, the legal communities, and the citizens were so severely devastated and although the courts may be open on a limited basis, the massive destruction of these areas continues to endanger and infringe upon the normal functioning of the judicial system, the ability of persons to avail themselves of the judicial system and the ability of litigants or others to have access to the courts or to meet schedules or time deadlines imposed by, court order or rule or statute. The majority of residents and attorneys domiciled in these areas have been displaced and numerous client files, witnesses, evidence, records and documents have been lost, damaged, or destroyed. The legislature hereby declares that there is a compelling governmental interest in protecting the rights, claims, or actions of parties and the attorneys who represent them by granting additional time and access to these courts provided in this Section.
B. (1) Notwithstanding the provisions of R.S. 9:5822 or 5823, a party who is domiciled within the parishes of Cameron, Orleans, Plaquemines, St. Bernard, Jefferson, or Vermilion, or whose cause of action arose within such parishes or whose attorney is domiciled within or has a law office within such parishes, may seek in any court of competent jurisdiction in this state a limited suspension and/or extension of prescription or peremption periods or other legal deadlines, beyond the termination dates provided in R.S. 9:5822 and 5823, by contradictory motion or declaratory judgment. The party seeking an additional suspension and/or extension, in accordance with the provisions of this Section, shall bear the burden of proving by a preponderance of the evidence that the motion was filed at the earliest time practicable and but for the catastrophic effects of Hurricane Katrina or Rita, the legal deadline would have been timely met. If the court grants the motion, the prescription or peremptive period or other legal deadline shall be suspended *798 or extended for a period not to exceed thirty days from the date of the granting of the motion. This limited suspension or extension shall terminate on June 1, 2006, and any right, claim, or action which would have expired during the time period of January 4, 2006, through May 31, 2006, shall lapse on June 1, 2006.
(2) The failure to file the motion authorized in Paragraph (1) of this Subsection shall not preclude a party from using the basis of the motion as a defense to an exception of prescription. (Emphasis added.)
Plaintiff argues the trial court erred in not finding, based on these two statutes, that his case was timely filed. He contends that La. R.S. 9:5822 gave him until at least through January 3, 2006 to file his suit. Thereafter, under La. R.S. 9:5824, because Plaintiff was domiciled in Jefferson Parish, the accident occurred in Jefferson Parish and Plaintiff's counsel's office was in Orleans Parish, prescription was further extended to June 1, 2006, provided Plaintiff, following a contradictory hearing, "prov[ed] by a preponderance of the evidence that the [case] was filed at the earliest time practicable and, but for the catastrophic effects of Hurricane Katrina or Rita, the legal deadline would have been timely met."
The Defendants argued in the trial court that Plaintiff was not entitled to the extension of prescription granted by La. R.S. 9:5824 because he had not filed a contradictory motion or action for declaratory judgment requesting the extension. The trial court accepted Defendants' argument and granted the exception of prescription upon finding:
La. R.S. 9:5824 allowed plaintiff to seek future suspension of prescriptive periods only by filing a contradictory motion asking the Court to allow a further suspension. Here, that motion was not filed. Therefore, this Court grants the Exception of Prescription.
Both Defendants and the trial court overlooked the last part of the statute which provides that the failure to file the motion authorized by the statute "shall not preclude a party from using the basis of the motion as a defense to an exception of prescription." No finding was made by the trial court as to whether Plaintiff filed suit "at the earliest time practicable and but for the catastrophic effects of Hurricane Katrina or Rita, the legal deadline would have been timely met." Therefore, we find the trial court erred, as a matter of law, in granting the exception based solely on the grounds that Plaintiff did not file a contradictory motion requesting the extension of prescription granted under the terms of La. R.S. 9:5824.
Accordingly, we reverse the trial court judgment, granting the exception of prescription, and remand the case to the trial court for a contradictory hearing to determine whether Plaintiff can meet his burden, as prescribed in La. R.S. 9:5824, by a preponderance of the evidence that the case "was filed at the earliest time practicable and but for the catastrophic effects of Hurricane Katrina or Rita, the legal deadline would have been timely met."
REVERSED AND REMANDED.